UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clarence T. Fox, Jr., # 08816-017, | ) C/A No. 8:11-1470-HFF-JDA |
|                          Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Darlene Drew, Warden, | ) |
|                          Respondent. | ) |

Petitioner, Clarence T. Fox, Jr., proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 2241. Petitioner is a federal prisoner incarcerated at FCI-Bennettsville and filed this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

**I.      Factual Background**

Petitioner alleges he was sentenced on January 23, 1990 to life imprisonment, and received an additional twenty years, concurrent. Information obtained from his prior cases[1] reveals he was convicted—along with co-defendants—on charges of a narcotics conspiracy in the United States District Court for the Northern District of Florida. He alleges he filed an appeal with the Eleventh Circuit where his conviction and sentence were

---

[1] A Court may take judicial notice of its own books and records. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F. 2d 1295, 1296 (5th Cir. 1970) (stating that the court may take judicial notice of its own records); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings held before it in prior suit with same parties); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). This is the seventh case Petitioner has filed in this District attacking his convictions and sentences.

affirmed. He further alleges he filed, in the Northern District of Florida, two § 2255 motions, a motion pursuant to § 3582(c) that was construed as a § 2255 motion, a § 2241 petition that was construed as a § 2255 motion, two Rule 60(b) motions that were both construed as § 2255 motions, and another § 3582(c)(2) motion.

In his Petition, Petitioner presents the following questions:

> 1. Does the restrictions imposed by 28 U.S.C. § 2244, blocks the review of Clarence T. Fox, Jr.'s sentencing enhancements under § 2241, when there has been an intervening change in the law since his trial, direct appeal, of his first § 2255 motion that makes him factual innocence of the legal requirements to support the application of § 3B1.1(a), 2D1.1(b)(1), and 1B1.3(a)(1)(B) of the guidelines to his sentence.
>
> 2. Does the continued imprisonment of Clarence T. Fox, Jr., regarding an intervening change in law relating to § 3B1.1(a),[2] 2D1.1(b)(1)[3] and 1B1.3(a)(1)(B)[4] of the guidelines entitle him to relief under § 2241, when he did not procedurally bypass those claims and in factually innocence[5] of the legal

---

[2] Petitioner cites *U.S. v. Glover*, 179 F.3d 1300, 1302 (11th Cir. 1999), for the proposition that "there has been an intervening change in law regarding the factual prerequisite for an application of section 3B1.1(a)." [Doc. 1 at 14.] Petitioner claims the Sentencing Commission amended the commentary to Section 3B1.1(a) of the Sentencing Guidelines and that the Fourth Circuit, in *U.S. v. Capers*, 61 F.3d 1100, 1110 (4th Cir. 1995), held that the changes to the commentary to the guideline had the effect of changing the law in the Circuit. [*Id.* at 15.] Thus, Petitioner argues that under the amended § 3B1.1(a), he must have directly supervised one or more of his co-defendants, which he alleges did not occur, to receive the sentencing enhancement. [*Id.*] Petitioner argues this change occurred eight years after he filed his initial § 2255 motion, thereby triggering the provisions of 28 U.S.C. § 2255(e). [*Id.*]

[3] Petitioner argues he received a sentencing enhancement under this section based on the holding in *U.S. v. Otero*, 890 F.2d 366 (11th Cir. 1989), which, according to the Petition, was subsequently overruled, *U.S. v. Gallo*, 195 F.3d 1278, 1280–84 (11th Cir. 1999). [Doc. 1 at 16–17.]

[4] Petitioner argues this section holds that a defendant cannot be held responsible for conduct outside the scope of his agreement. [Doc. 1 at 17.] Petitioner alleges he was held accountable for twenty kilograms of cocaine per month in the conspiracy for a total of 580 kilograms of cocaine. [*Id.* at 17–18.] (The Court notes Petitioner indicates the conspiracy spanned twenty-nine months, but Petitioner lists the dates of the conspiracy as January 1987 to May 1987. [*Id.* at 17.]) Petitioner states that at the time of his trial, direct appeal, and first § 2255 motion, a defendant was held responsible for all reasonable foreseeable quantities of drugs involved in the conspiracy regardless of the scope of the defendant's agreement to participate. [*Id.* at 18.] Petitioner argues the current controlling authority requires individualized determinations. [*Id.*]

[5] Petitioner states he "is entitled to habeas relief because he is factually innocence of the legal requirements to sustain the enhancement of his sentence under sections 3B1.1(a), 2D1.1(b)(1), and 1B1.3(a)(1)(B) of the guidelines because the errors represent a fundamental defect which inheretly results

requirements to apply those enhancements.

[Doc. 1 at 7.]

Petitioner states that there has been an "intervening change in the law making those sections of the guideline illegal. Because [Petitioner] is now factually innocence of the legal requirements to enhance his sentence based upon the intervening change in law." [*Id.* at 8.]  Petitioner cites to *In re Jones*, 226 F.3d 328 (4th Cir. 2000), and claims he meets all three prongs of the test articulated in *Jones* for determining whether a successive habeas petition triggers the savings clause of § 2255.  [*Id.* at 9–14.]

## II.     DISCUSSION

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition, pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996.  The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to  a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980) (*per curiam*).  Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal.

---

in a complete miscarriage of justice . . . ."  [Doc. 1 at 20–21.]

The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.   **Habeas Corpus Generally**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. *See United States v. Little*, 392 F.3d 671, 678–79 (4th Cir. 2004); *United States v. Miller*, 871 F.2d 488, 489–90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence rather than the sentence itself").

C.   **Analysis**

Petitioner is attacking the validity of his sentence, a claim that should normally be brought under 28 U.S.C. § 2255 unless Petitioner can satisfy the savings clause of § 2255,[6] which would allow him to pursue relief through a § 2241 habeas petition. *See*

---

[6]The savings clause states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is

*San-Miguel v. Dove*, 291 F.3d 257, 260–61 (4th Cir. 2002); *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). To trigger the savings clause of § 2255(e) and proceed under § 2241, Petitioner would have to show that something more should be considered by this Court than that authorized by § 2255, such as a retroactive change in the law as contemplated in *In re Jones*. 226 F.3d at 333–34. The test provided in *In re Jones* requires that (1) at the time of the conviction, settled law of this Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law. *Id.*

In the instant Petition, Petitioner provides no factual information to demonstrate that the conduct for which he was convicted has been deemed non-criminal such that he is "actually innocent." Further, the second element of the *In re Jones* test, pertaining to changes in the controlling substantive law, has not been extended to include sentencing calculations made pursuant to the Sentencing Guidelines. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (citing *In re Jones*, 226 F.3d at 333–34) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."); *see also United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the

---

inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

predicate crimes, and not from the legal classification of the predicate crimes"). Consequently, the instant § 2241 Petition fails to satisfy the requirements of the "savings clause" of § 2255(e) so as to provide this Court with jurisdiction to hear it, and the Petition must be summarily dismissed.

### III.    Conclusion

Accordingly, it is recommended that the Petition in the above-captioned case be DISMISSED *without prejudice* and without requiring Respondent to file a return.  *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); Anti-Terrorism and Effective Death Penalty Act of 1996.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

August 9, 2011
Greenville, South Carolina

*The Petitioner's attention is directed to the important **NOTICE** on the next page*.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Room 239
> 300 East Washington St.
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).